# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE DALIE,<br><br>    Plaintiff,<br><br>v.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.,*<br><br>    Defendants. | ) Civil Action No. 2: 16-cv-0698<br>)<br>)<br>) United States Magistrate Judge<br>) Cynthia Reed Eddy<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION[1]

Presently before the Court is the Motion to Dismiss For Failure to State A Claim filed by the Defendants (ECF No. 22), which has been converted into a Motion for Summary Judgment on the issue of exhaustion only. For the reasons that follow, the motion will be granted in part and denied in part.

### Background

Plaintiff, George Dalie ("Plaintiff" or "Dalie") is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") currently confined at SCI-Rockview. He commenced this action on or about May 9, 2016,[2] with the filing of a Complaint. However, because the Complaint was received without the filing fee or a motion to proceed *in forma pauperis*, the case was statistically closed on May 31, 2016. After some intervening proceedings

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have consented to have a Untied States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. ECF Nos. 29, 30.

[2]     The Complaint was signed May 9, 2016, but not received by the Court until May 27, 2016. Pursuant to the prisoner mailbox rule, the Court will treat May 9, 2016, as the relevant filing date.

1

regarding the payment of the filing fee, the Complaint was officially filed on August 8, 2016. (ECF No. 6).

Plaintiff asserts that while incarcerated at SCI-Greene his First and Eighth Amendment rights were violated, as well as his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiff is suing the Department of Corrections ("DOC") and several DOC officials and SCI-Greene staff. Specifically, Plaintiff asserts that Defendants' policy of not permitting Plaintiff to wear his pants above the ankle bone as required by his religious practice violated his rights under RLUIPA and the First Amendment free exercise clause. In support of this allegation, he describes two particular instances where he was told to unroll his pants after leaving a religious service. (ECF No. 6, at ¶ 24). He also asserts that C/O Matthews issued him a retaliatory false misconduct report in violation of his First Amendment rights, that C/O Matthews used harassing language and gestures on several occasions, and attempted to assault him on October 23, 2014, in violation of his Eighth Amendment rights. Dalie asserts that neither Superintendent Gilmore nor Lt. Kennedy protected him from C/O Matthews' conduct in violation of his Eighth Amendment rights.

Defendants filed the instant motion to dismiss arguing that the Complaint should be dismissed as Plaintiff failed to exhaust his administrative remedies and, in the alternative, that the Complaint fails to state a claim. Because Defendants presented material outside of the complaint, the Court converted the motion to dismiss into a motion for summary judgment on the issue of exhaustion, and allowed the parties time to submit additional briefing and evidence. The issues now have been fully briefed (ECF Nos. 23 and 33) and the matter is ripe for disposition.

**Standard of Review**

1.  *Motion to Dismiss For Failure to State a Claim*

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id*. at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679). Third, '"where there are well-

3

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc*., 482 F.3d 247, 251 (3d Cir. 2007).

Finally, a court must employ less stringent standard when considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dlunos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal

claim. *See, e.g., Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

    2.    *Motion for Summary Judgment*

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the record indicates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element to that party's case and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party bears the initial burden of identifying evidence or the lack thereof that demonstrates the absence of a genuine issue of material fact. *National State Bank v. Federal Reserve Bank of New York,* 979 F.2d 1579, 1582 (3d Cir. 1992). Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). The inquiry, then, involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Brown v. Grabowski,* 922 F.2d 1097, 1111 (3d Cir. 1990) (quoting *Anderson,* 477 U.S. at 251–52). If a court, having reviewed the evidence with this standard in mind, concludes that "the evidence is merely colorable . . . or is not significantly probative," then summary judgment may be granted. *Anderson,* 477 U.S. at 249–50. Finally, while any evidence used to support a motion for summary judgment must be admissible, it is not

necessary for it to be in admissible form. See Fed.R.Civ.P. 56(c); *Celotex,* 477 U.S. at 324; *J.F. Feeser, Inc., v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1542 (3d Cir. 1990).

**Discussion**

*1.     The Administrative Exhaustion Requirement*

Defendants' first argument is that the complaint in its entirety should be dismissed because Plaintiff has failed to fully exhaust his administrative remedies with respect to all the claims brought in this lawsuit. As the parties were advised, the motion to dismiss was converted to a motion for summary judgment on this issue.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner is required to pursue all avenues of relief available to him within the prison's grievance system before bringing a federal civil rights actions. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000), *aff'd,* 532 U.S. 731 (2001). Failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be pleaded and proven by Defendants. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Moreover, the PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance / appeal system and a procedurally defective administrative grievance or appeal precludes action in federal court. *Fennell v. Cambria County Prison*, 607 F. App'x 145, 149 (3d Cir. 2015) (citing *Woodford v. Ngo*, 548 U.S. 81, 84, 90-91 (2006) and *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2008)).

The exhaustion requirement is a "bright-line rule" and "it is beyond the power of this court – or any other- to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy, or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir.

6

2000). Likewise, as previously stated, our appellate court has been very clear that all available remedies must be exhausted prior to filing suit. *Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006).

The DOC's grievance policy DC-ADM 804 provides the procedures that prisoners must follow in submitting grievances. To initiate a claim, a prisoner must file an initial grievance within 15 working days of an incident. The grievance is submitted to the Facility Grievance Coordinator (Step 1). If the grievance is denied, the prisoner may appeal to the Superintendent. (Step 2). Once a prisoner has received a disposition of his Appeal to the Superintendent, the prisoner may appeal a second time to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") and seek Final Review (Step 3). SOIGA then must respond with a final resolution. *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 151 (3d Cir. 2016).

In support of their motion, Defendants have submitted the declaration of Kerri Moore, the Assistant Chief Grievance Officer in the DOC's SOIGA office. Based on Ms. Moore's review of the official records of the SOIGA, for the time period from January 1, 2014 – January 1, 2015,[3] Plaintiff has appealed only three grievances to final review, none of which involve the allegations which give rise to this lawsuit.[4] Defendants argue that the record demonstrates that Plaintiff has not exhausted his available administrative remedies with respect to any issue raised in this lawsuit.

---

[3] Based on the Complaint, it appears the events giving rise to this lawsuit occurred between June 6, 2014, and October 23, 2014.

[4] Grievance No. 507865, filed in May of 2014, complained that inmates were being served drinking water from a trash can; Grievance No. 51456, filed in June of 2014, pertained to Plaintiff's ability to participate in Ramadan; and Grievance No. 520329, filed in July of 2014, pertained to Plaintiff's compensation for being a block worker.

a. Religious Accommodation Claim

In response to Defendants' motion, Plaintiff has produced Religious Accommodation Request Response, dated 12/11/2015, in which his requests for a Halal diet and to cuff his pants were denied. (ECF No. 33-2). While the request in this religious accommodation request does relate to some of the allegations in this civil rights complaint, an inmate request form is not the equivalent form of a grievance and it does not appear from the record that this inmate request was appealed. The summary judgment record contains no evidence that Plaintiff filed any grievances pertaining to the two particular instances when he was told to unroll his pants after leaving a religious service nor did he file a grievance about the general policy that pants were not allowed to be hemmed / cuffed above the ankle. Therefore, because Plaintiff did not fully exhaust his administrative remedies on this issue, summary judgment will be granted on Plaintiff's claims that his rights were under RLUIPA and the First Amendment's free exercise clause were violated.

b. Claims Against C/O Matthews, Lt. Kennedy, and Superintendent Gilmore

Plaintiff also has produced Grievance No. 513408 dated 06/09/2014 and Grievance No. 524845 dated 8/29/2014, both of which involve complaints about C/O Matthews and Lt. Kennedy. Specifically in Grievance No. 513408, Plaintiff complained that C/O Matthews threatened him on 06/06/14 that "the next time I hear about you filing a grievance about the way the water is being served to inmates in the dining hall I'm going to issue you a misconduct" and that Lt. Kennedy failed to conduct a full and impartial investigation on Plaintiff's claims. (ECF No. 33-1, Exh. A-3). In Grievance No. 524845, Plaintiff again complained about C/O Matthews and Lt. Kennedy stating that C/O Matthews engaged in "habitual harassment, discrimination, ethnic intimidation, official oppression, and retaliation by staff." Additionally, according to the

grievance, when Lt. Kennedy was informed of C/O Matthews' actions, Lt. Kennedy told Plaintiff that "there was nothing he could do." (ECF No. 33-1, Exh. A-6).[5]

Plaintiff contends that he submitted a final appeal to SOIGA for both grievances (ECF No. 33-1, Exh. A-4 and ECF No. 33-1, Exh. A-8) but never received a final decision letter on either grievance. When he received no response, in an attempt to spur a response, he again wrote SOIGA informing it that he had not received a final decision letter. (ECF No. 33-1, Exh. A-10 and ECF No. A-9).

At this stage of the litigation, there is enough in the record for the Court to find that there is a material issue of fact as to whether Plaintiff was impeded in his efforts to exhaust his grievances against C/O Matthews and Lt. Kennedy because he received no response from SOIGA. However, this finding is without prejudice to Defendants' right to revisit this issue on a more fully developed record.

However, the summary judgment record is clear that Plaintiff did not file any grievance regarding failure to protect, or any other claim, against Superintendent Gilmore concerning the issues of this lawsuit. Therefore, summary judgment will be granted on Plaintiff's failure to protect claim against Superintendent Gilmore based on Plaintiff's failure to exhaust administrative remedies.

2. *Claims Against the Department of Corrections* ("DOC")

As Defendants correctly point out, any claims against the DOC are barred by the Eleventh Amendment to the United States Constitution, which precludes lawsuits against a state

---

[5] As a result of this grievance, it appears that Plaintiff was allowed to get his pants hemmed. However, on 09/19/14, Plaintiff was ordered to get new pants because his pants were hemmed too high and against DOC policy. ECF No. 33-1, Exh. A-6.

in federal court, regardless of the type of relief sought. *Kentucky v. Graham*, 473 U.S. 159,165-67 (1985); *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89 (1984).

It is well settled that the DOC is an agency or arm of the state, and therefore, entitled to the same Eleventh Amendment immunity which the Commonwealth enjoys. *Will v. Michigan Department of State Police,* 491 U.S. 58, 63 (1989). While the Pennsylvania General Assembly has expressly waived its immunity in nine very specific instances as set forth in 42 Pa. C.S.A. § 8522, none of those exceptions is at issue here. And in any event, when enacting its limited waiver of immunity, the Commonwealth specifically reserved its right under the Eleventh Amendment to immunity from suit in federal court. 42 Pa. C. S. §8521(b); *see also* Pa. Const.Art. I, §11; 1 Pa. Const. Stat. Ann. §2310; *Lavia v. Department of Corrections*, 224 F.3d 190, 195 (3d Cir. 2000).

Moreover, title 42, United States Code, section 1983 makes clear that claims brought pursuant to § 1983 must be brought against a "person" acting "under color" of law. The Department of Corrections is not a "person" as defined under §1983 and thus, cannot be sued under that statute. *Will*, 491 U.S. 58 at 71 (1989).

For these reasons, any claims against the DOC will be dismissed. Further, because Plaintiff would be unable to cure the deficiencies with respect to any claim involving the DOC allowing an amendment as to this claim would be futile.

3.  *Claims Against C/O Matthews*

It is not entirely clear from the Complaint, but it appears that Plaintiff is asserting a First Amendment retaliation claim against C/O Matthews, as well as Eighth Amendment deliberate indifference claims against C/O Matthews for harassing language and gestures and for filing a false misconduct report against Plaintiff.

As to the retaliation claim, a prisoner claiming a First Amendment retaliation claim must show that: (1) his conduct was constitutionally protected, (ii) he suffered "adverse action" at the hands of the defendant, and (iii) there was a causal connection between the two. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). It is well-settled that "[g]overnment actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Allah v. Seiverling,* 229 F.3d 220, 224-25 (3d Cir. 2000)).

Plaintiff asserts in the Complaint that Matthews' conduct was in retaliation for Plaintiff filing a grievance against the dietary staff for serving drinking water from a trash can. The filing of grievances or a lawsuit satisfies the constitutionally protected conduct prong of a retaliation claim. *Rauser*, 241 F.3d at 333. The Court recognizes that discovery may well reveal that the alleged conduct does not give rise to a First Amendment retaliation claim, but at this early stage of the litigation, the allegations of the Complaint must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor.

To the extent that Plaintiff is attempting to bring separate Eighth Amendment claims based on C/O Matthews' alleged harassing language and gestures, these claims fail as a matter of law. The use of words generally cannot constitute an assault actionable under § 1983. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 698 (M.D.Pa. 2015); see also *Balliet v. Whitmire*, 626 F. Supp. 219, 228 – 29 (M.D.) ("[v]erbal abuse is not a civil rights violation . . ."), *aff'd*, 800 F.2d 1130 (3d Cir. 1986).

11

Given the circumstances described by Plaintiff in the Complaint, the purported harassing language and gestures attributed to C/O Matthews, although offensive, did not rise to the level of a constitutional violation. Thus, Plaintiff's claims that C/O Matthews harassed, threatened, and attempted to assault him will be dismissed. Because Plaintiff would be unable to cure the deficiencies with respect to these claims allowing an amendment as to these claims would be futile.

Likewise, Plaintiff's claims that C/O Matthews filed a false misconduct report against him will be dismissed. The filing of a false misconduct report does not violate the Eighth Amendment as such an act does not constitute the denial of basic human needs, such as clothing, food, shelter, medical care, or sanitation. *See Booth v. Pence*, 354 F. Supp.2d 553, 559 (E.D.Pa. 2005), *aff'd*, 141 F. App'x 66 (3d Cir. 2005). Nor does the filing of a false misconduct charge violate a prisoner's procedural or substantive due process rights. *Smith v. Mensinger*, 293 F. 3d 641, 653-54 (3d Cir. 2002). However, as explained *supra*, to the extent that Plaintiff is alleging that the false misconduct report was filed in retaliation for Plaintiff engaging in protected activity, Plaintiff does state a claim. *See, e.g., Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (holding that prisoner's allegations that he was falsely charged with misconduct in retaliation for filing a complaint against a prison officer stated a claim for retaliation in violation of the First Amendment).

4. *Claims Against Lt. Kennedy*

Intertwined with his claims against C/O Matthews, Plaintiff asserts that he informed Lt. Kennedy of C/O Matthews' retaliatory conduct, and Lt. Kennedy failed to protect him from C/O Matthews' retaliatory conduct. While the facts are bare, the Court finds that Plaintiff has alleged enough to create a plausible Eighth Amendment claim against Lt. Kennedy. For a supervisor to

face responsibility, he must be personally involved in the alleged wrongs. Personal involvement can be shown through allegations of personal direction or actual knowledge and acquiescence. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). For a failure to supervise claim, the plaintiff must prove that the defendant "exhibited deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989).

In this case, it appears the essence of Plaintiff's claim against Lt. Kennedy is that, after being apprised of the claimed retaliatory conduct by C/O Matthews, Lt. Kennedy failed to take corrective action. Plaintiff's allegations against Lt. Kennedy are sufficient at this early stage of the litigation to survive the motion to dismiss. Again, discovery may well reveal that the alleged conduct does not give rise to an Eighth Amendment claim, but at this early stage of the litigation, the allegations of the Complaint must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor.

### III. CONCLUSION

For all the foregoing reasons, the Motion to Dismiss For Failure to State A Claim filed by the Defendants, which has been converted into a Motion for Summary Judgment on the issue of exhaustion only, will be granted in part and denied in part. Summary judgment will be granted for failure to exhaust on (1) Plaintiff's claims that his rights under RLUIPA and the First Amendment's free exercise clause were violated and (2) all claims against Superintendent Gilmore. The motion to dismiss will be granted as to all claims against the Pennsylvania Department of Corrections. The motion to dismiss will be granted on Plaintiff's Eighth

Amendment claims against C/O Matthews. The motion to dismiss will be denied on Plaintiff's First Amendment retaliation claims against C/O Matthews and denied as to Plaintiff's Eighth Amendment claims against Lt. Kennedy.

An appropriate order follows.

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated: August 3, 2017

cc: GEORGE DALIE
HC-9826
SCI Rockview
P.O. Box A
Bellefonte, PA 16823
(via U.S. First Class Mail)

Yana L. Warshafsky
Office of the Attorney General
(via ECF electronic notification)