# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE DALIE, | Civil Action No. 2: 16-cv-0698 |
| Plaintiff, | United States Magistrate Judge |
| v. | Cynthia Reed Eddy |
| FNU MATHEWS, CO II and ROBERT L. KENNEDY, CO III, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER DISMISSING CASE[1]

On April 19, 2018, the Court entered an Order directing Plaintiff to show cause by May 9, 2018, why this case should not be dismissed for failure to prosecute and for Plaintiff's non-compliance with Court Orders. ECF No. 60.

The time for responding to the Order to Show Cause has now passed. Therefore, consistent with the April 19, 2018, Order, and pursuant to *Poulis v. State Farm Fire & Cas. Co.*, 747, F.2d 863 (3d Cir. 1984), the case now is subject to dismissal.

A district court has inherent power to dismiss a complaint, sua sponte, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss sua sponte under Rule 41(b)."); *Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. ECF Nos. 29 and 30.

1

failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City School Dist.,* 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. *Harris v. City of Philadelphia,* 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In *Poulis*, the Court of Appeals for the Third Circuit set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. <u>The extent of the party's personal responsibility.</u>

Plaintiff is proceeding in this matter *pro se*. Defendants filed a motion for summary judgment on February 16, 2018. Plaintiff was ordered to respond by March 22, 2018. There is no indication that Plaintiff failed to receive the motion or any of the Orders the Court has mailed him. The responsibility for his failure to comply is Plaintiff's alone.

2. <u>Prejudice to the adversary.</u>

Plaintiff has prejudiced Defendants since his failure to respond to the motion has made it difficult for this Court to determine whether there are any genuine issues of material fact. Plaintiff's complaint forced Defendant to retain attorneys and expend time and energy to resolve this matter. By

failing to respond to the Defendant's motion for summary judgment, a decision on this matter has been unduly delayed.

3. <u>A history of dilatoriness</u>.

Plaintiff has made no effort to move this case forward and has ignored this Court's Order to respond to Defendant's motion and well as the Court's Order to Show Cause. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case.

4. <u>Whether the party's conduct was willful or in bad faith.</u>

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

5. <u>Alternative sanctions</u>.

Plaintiff is proceeding pro se, and thus, it is likely that any sanction imposing costs or fees upon him would be ineffective.

6. <u>Meritorious of the claim or defense.</u>

Sixth, for the reasons set forth in Defendants' motion for summary judgment, it appears that Plaintiff has failed to establish any grounds upon which relief may be granted.

In summary, the majority of the *Poulis* factors weigh heavily in favor of dismissal.

## III. CONCLUSION

Based on the discussion above, this action will be dismissed with prejudice for failure to prosecute. An appropriate Order follows.

Eddy, M.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE DALIE, <br><br> Plaintiff, <br><br> v. <br><br> FNU MATHEWS, CO II and ROBERT L. KENNEDY, CO III, <br><br> Defendants. | Civil Action No. 2: 16-cv-0698 <br><br> United States Magistrate Judge <br> Cynthia Reed Eddy |

## ORDER

**AND NOW**, this 16th day of May, 2018, it is hereby **ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

s/Cynthia Reed Eddy
Cynthia Reed Eddy
U.S. Magistrate Judge

cc: GEORGE DALIE
HC-9826
SCI Rockview
P.O. Box A
Bellefonte, PA 16823
(via U.S. First Class Mai)

Yana L. Warshafsky
Office of the Attorney General
(via ECF electronic notification)